UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| ELLEN BROOKS, | Case No: C 10-01873 SBA |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT LEGENT CLEARING, LLC'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS GOMEZ AND ADVISORY FINANCIAL CONSULTANTS, INC.'S MOTION TO DISMISS** |
| vs. | |
| RUTHE GOMEZ, et al., | |
| Defendants. | |
| | Dkts. 15, 16 |

Plaintiff brings this action against Defendants arising from the management of her retirement account. The parties are presently before the Court on Defendant Legent Clearing, LLC's ("Legent") Motion to Dismiss and Defendants Ruthe Gomez ("Gomez") and Advisory Financial Consultants, Inc.'s ("AFC") Motion to Dismiss. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Legent's Motion to Dismiss, and GRANTS IN PART and DENIES IN PART Gomez and AFC's Motion to Dismiss, for the reasons set forth below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.   **FACTUAL BACKGROUND**

Plaintiff alleges that she invested in a 403(b) retirement account and, for many years, the account was managed by Defendants Gomez and AFC. First Amended Complaint ("FAC") ¶¶ 1, 12. Plaintiff further alleges that, in or about December 2006, Gomez and AFC transferred her account to Enterprise Trust Company ("Enterprise"), which was represented by Defendant TradeRight Securities, Inc. ("TradeRight"). Id. ¶ 15. Plaintiff asserts that Gomez and AFC failed to perform due diligence to determine whether the account was being transferred to a

legitimate company. Id. ¶ 15.  Plaintiff also asserts that, in January 2007, Gomez and AFC sent her a letter stating that Enterprise would handle her account "without any significant changes." Id. ¶ 17.  Plaintiff claims, however, that Gomez and AFC failed to explain that the transfer of Plaintiff's account gave Enterprise, TradeRight, and Gomez "full discretion" to invest Plaintiff's funds without consulting her, and failed to inform her of a material change to her account.  Id. ¶¶ 18-19.  She alleges that because it was a "full discretion" account that each of the Defendants undertook fiduciary responsibilities to her.  Id. ¶ 20.  She also alleges that, soon after the transfer, Plaintiff's account was swept into an omnibus account and illegally used as margin collateral for the benefit of the Defendants.  Id. ¶¶ 21-27.

In March 2008, a receiver was appointed for Enterprise, and Plaintiff's account was frozen.  Id. ¶ 28.  Plaintiff alleges that she has received only $250,000 from the receiver out of the "approximately $600,000 she should have received."  Id.

## II. PROCEDURAL BACKGROUND

Plaintiff filed her original complaint on March 5, 2010 in the Superior Court of California, County of Alameda, against Defendants Gomez, AFC, Legent, and TradeRight, as well as TradeRight's employees Kimble Mason and George Dragel.  Legent removed this action on April 30, 2010 based on federal question jurisdiction.  On May 7, 2010, the parties filed a stipulation providing that Plaintiff shall file a FAC by May 28, 2010.  Plaintiff filed her FAC on August 25, 2010, after Legent filed an application for an Order to Show Cause as to why the case should not be dismissed in view of Plaintiff's failure to file her FAC.  The Court subsequently denied Legent's application as moot, in view of Plaintiff's filing of her FAC.

In her FAC, Plaintiff brings the following claims against all Defendants: (1) Fraud; (2) Conspiracy to Commit Fraud/Aiding and Abetting Fraud; (3) Breach of Fiduciary Duty; (4) Conspiracy to Breach Fiduciary Duty/Aiding and Abetting Breach of Fiduciary Duty; (5) Negligence; (6) Violations of Securities Laws and California State Blue Sky Laws; and (7) Violation of Business & Professions Code §§ 17200, et seq.

Now, Defendants Legent, and Defendants Gomez and AFC, separately move to dismiss Plaintiff's FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### III. LEGAL STANDARD

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A complaint that raises only "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

### IV. LEGENT'S MOTION TO DISMISS

Legent moves to dismiss each of the causes of action in Plaintiff's FAC. In her opposition, Plaintiff fails to provide any argument in opposition to Legent's motion. Instead, Plaintiff states that she "has learned additional facts … and seeks leave to file an amended complaint to allege these and other related facts." Dkt. 19, Plf.'s Opp. at 4. Plaintiff also provides a three-page recitation of additional factual allegations directed to Legent's alleged misconduct. In view of Plaintiff's failure to provide a meaningful opposition to Legent's motion to dismiss, the Court GRANTS Legent's motion in its entirety. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (a court may grant an unopposed motion to dismiss). Plaintiff, however, is granted leave to amend her complaint. See Schreiber, 806 F.2d at 1401 ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted

unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (emphasis added).[1]

## V. GOMEZ AND AFC'S MOTION TO DISMISS

### A. FRAUD (FIRST CAUSE OF ACTION)

A claim for fraud requires: (1) a misrepresentation or concealment; (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. See Okun v. Morton, 203 Cal.App.3d 805, 828 (1988). Federal Rule of Civil Procedure 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud …." The circumstances must "be specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." Id. Where a plaintiff asserts claims based on fraudulent conduct against multiple defendants, the plaintiff is required to "identify the role of each defendant in the alleged fraudulent scheme." Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (internal brackets and citation omitted).

Here, Plaintiff alleges that Gomez and AFC sent her a letter in January 2007, in which they "misrepresented to [Plaintiff] and others that Enterprise was a trustworthy company that would handle [Plaintiff's] account without any significant changes." FAC ¶ 17. Plaintiff further alleges that "Gomez and AFC failed to disclose, and intentionally concealed that Enterprise and TradeRight were not trustworthy companies and that they were recommending that [Plaintiff] transfer her account to Enterprise and TradeRight because Gomez received financial gain from doing so." Id. ¶ 34. Plaintiff also alleges that Gomez and AFC "concealed

---

[1] In its reply brief, Legent argues that leave to amend should not be granted because of Plaintiff's undue delay and lack of diligence in seeking amendment, and the fact that she has previously amended her complaint. In view of the Ninth Circuit's liberal standard for permitting leave to amend when granting a motion to dismiss, Legent's argument is unpersuasive.

1  and failed to disclose that the account was being transferred … to give Enterprise and Gomez
2  full discretion over the account." Id.
3        These allegations are not sufficiently plead under Rule 9(b) or California law.
4  Specifically, Plaintiff does not allege facts showing that Gomez and AFC had knowledge of the
5  untrustworthiness of Enterprise and TradeRight, and therefore, also had knowledge of the
6  falsity of their representations regarding these companies.  While Plaintiff alleges that Gomez
7  and AFC had "sufficient public information available to them" regarding the illegal activities
8  of Enterprise and TradeRight "from which they could have and should have refused to transfer
9  [Plaintiff's] account ….," Plaintiff has plead no facts supporting this conclusion.  Id. ¶ 16
10 (emphasis added).  Nor does Plaintiff allege specific facts indicating that Gomez and AFC had
11 an intent to defraud Plaintiff by transferring her account.
12       Plaintiff's remaining fraud allegations are generally directed, without distinction, to all
13 Defendants, and therefore, are not plead with sufficient particularity under Swartz.  Id. ¶¶ 31-
14 33, 35-36.
15       In her opposition, Plaintiff does not meaningfully respond to Gomez and AFC's
16 challenge to her fraud claim.  Instead, she generally asserts that she has made specific fraud
17 allegations against Gomez and AFC, and that the allegations made against all Defendants "can
18 and would be alleged directly against Gomez and AF[C]."  Dkt. 20, Plf.'s Opp. at 4.
19 Moreover, as in her opposition to Legent's motion, Plaintiff sets forth additional factual
20 allegations, asserting that any deficiencies in her fraud claim can be cured by amendment.
21       As such, Gomez and AFC's motion to dismiss Plaintiff's fraud claim (First Cause of
22 Action) is GRANTED with leave to amend.
23       **B.**    **BREACH OF FIDUCIARY DUTY (THIRD CAUSE OF ACTION)**
24       To state a claim for breach of fiduciary duty, a plaintiff must allege facts showing: (1)
25 the existence of a fiduciary relationship; (2) a breach of that duty; and (3) resulting damages.
26 See Brown v. Cal. Pension Admin. & Consult. Inc., 45 Cal.App.4th 333, 347-48 (1996).
27 "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly
28 undertake to act on behalf and for the benefit of another, or must enter into a relationship which

- 5 -

imposes that undertaking as a matter of law." City of Hope Nat. Med. Ctr. v. Genentech, Inc., 43 Cal.4th 375, 386 (2008) (internal quotation omitted). To satisfy the "knowingly undertake" requirement, a plaintiff must show that the defendant "entered into [the contractual relationship] with the view of acting primarily for the benefit of [plaintiff]" and "subordinat[ing] its interests to those of [plaintiff]." Id. (bracketed material added).

In this case, Plaintiff has adequately plead her breach of fiduciary duty claim as against Gomez and AFC. Specifically, Plaintiff alleges that Gomez and AFC undertook a special relationship of trust and confidence in managing, on Plaintiff's behalf, her investment account, which she alleges provided them with full discretion as to how the account was managed. FAC ¶¶ 19, 20, 45, 46. Plaintiff further alleges that Gomez and AFC breached their duties by investing her assets in speculative investment strategies that were contrary to the agreed-upon objections of Plaintiff, and were intended, instead, to profit Gomez and AFC. Id. ¶ 46. Furthermore, Plaintiff alleges that Gomez and AFC used her assets to provide margin collateral for trading strategies that were not intended to benefit her, and which caused her to suffer financial loss. Id.

For these reasons, Gomez and AFC's motion to dismiss Plaintiff's claim for breach of fiduciary duty (Third Cause of Action) is DENIED.

### C. CONSPIRACY (SECOND AND FOURTH CAUSES OF ACTION)

Plaintiff's Second and Fourth Causes of Action are for Conspiracy to Commit Fraud and Conspiracy to Breach Fiduciary Duty, respectively. To establish a civil conspiracy, a plaintiff must show (1) the formation and operation of a conspiracy, (2) wrongful conduct in furtherance of a conspiracy, and (3) damages arising from the wrongful conduct. Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (1995). Conspiring defendants must have actual knowledge that a tort is planned, concur in the tortious scheme with knowledge of its unlawful purpose, and intend to aid in its commission. Id. at 1582.

Here, Plaintiff only provides barebones allegations that Defendants, as a group, "actively aided, abetted, and conspired" with each other (FAC ¶¶ 40, 55), but she provides no factual allegations establishing the formation of a conspiracy. The Supreme Court rejected

such a pleading in Twombly, 550 U.S. at 555-59; see also Benson v. JPMorgan Chase Bank N.A., 2010 WL 1526394, at * 6 (N.D. Cal. April 15, 2010) (dismissing conspiracy claim where the complaint lacked factual allegations showing an agreement between defendants to defraud plaintiff).

In her opposition, Plaintiff argues simply that she has adequately plead her conspiracy claims because she "has sufficiently plead[] the fraud and breach of fiduciary duty claims," and again asserts that any deficiency in her claims can be cured by amendment.  Plf.'s Opp. at 6. As indicated herein, Plaintiff has not sufficiently plead her fraud claim, so Plaintiff's argument as to her fraud claim fails.  Moreover, with her argument, Plaintiff ignores the additional factors that she must plead for a conspiracy claim, as set forth in Kidron, i.e., formation and operation of a conspiracy, and wrongful conduct in furtherance of a conspiracy.

Thus, Gomez and AFC's motion to dismiss Plaintiff's conspiracy claims (Second and Fourth Causes of Action) is GRANTED with leave to amend.

### D.   NEGLIGENCE (FIFTH CAUSE OF ACTION)

"The elements of a cause of action for negligence are … (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."  Ladd v. County of San Mateo, 12 Cal.4th 913, 917-918 (1996) (internal quotations omitted).  Here, contrary to Gomez and AFC's assertions, Plaintiff has adequately plead her negligence claim as against these defendants.  Specifically, Plaintiff alleges that Gomez and AFC owed her a duty to use reasonable care in managing her investments.  FAC ¶ 11.  Plaintiff further alleges that they breached this duty by "acting irresponsibly, failing to perform due diligence, failing to supervise her portfolio or those managing her portfolio, failing to inquire about the margin investing by Enterprise, and failing to make prudent investments." Id. ¶ 61.  Finally, Plaintiff asserts that, as a proximate result of the breaches, she has suffered damages in excess of $60,000.  Id. ¶ 62.

Gomez and AFC also move to dismiss Plaintiff's negligence claim on the ground that it is time barred.  A claim for negligence must be brought within two years.  Cal. Code Civ. Pro. § 339.1.  The statute "begins to run when the Plaintiff suspects or should suspect that her injury

was caused by wrongdoing ….” Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110 (1988).  A claim may be dismissed because it is barred by the relevant statute of limitations when the running of the statute "is apparent from the face of the complaint." Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir. 1987).  In this case, Plaintiff alleges her account was transferred from AFC to Enterprise/TradeRight in December 2006.  FAC ¶ 15.  Plaintiff also describes a letter, dated January 2007, in which Gomez and AFC "misrepresented to [Plaintiff] and others that Enterprise was a trustworthy company that would handle [Plaintiff's] account without any significant changes." Id. ¶ 17.  However, Plaintiff alleges that she did not discover her loss until "March of 2008," after she was notified that her assets were frozen. Id. ¶ 28.  Plaintiff filed her complaint on March 5, 2010.  Thus, it is not apparent from the face of her complaint that her negligence claim is time barred.

For these reasons, Gomez and AFC's motion to dismiss Plaintiff's negligence claim (Fifth Cause of Action) is DENIED.

### E. VIOLATION OF SECURITIES LAWS AND CALIFORNIA BLUE SKY LAWS (SIXTH CAUSE OF ACTION)

In her Sixth Cause of Action, Plaintiff broadly asserts that all Defendants violated "the California Private Securities Reform Act of 1995, the Securities Act of 1933, and the Securities and Exchange Act of 1934, Section 10b-5." FAC, ¶ 64.  Plaintiff, however, fails to identify with particularity the provisions of those Acts that Defendants are alleged to have violated, or how each Defendant is alleged to have violated such provisions.  Under Twombly, a plaintiff must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." 550 U.S. at 555 (internal quotations and citation omitted).  Plaintiff has entirely failed to provide such fair notice with her Sixth Cause of Action.  Moreover, Plaintiff has failed to provide any meaningful argument to the contrary in her opposition; yet again, she simply requests leave to amend her claim.  Plf.'s Opp. at 5.

As such, Gomez and AFC's motion to dismiss Plaintiff's claim for violation of securities laws and California blue sky laws (Sixth Cause of Action) is GRANTED with leave to amend.

**F. CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ. (SEVENTH CAUSE OF ACTION)**

"To state a claim for unfair competition pursuant to California Business and Professions Code § 17200 (Section 17200), a 'plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public).'" Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007) (quoting Albillo v. Intermodal Container Services, Inc., 114 Cal.App.4th 190, 206 (2003)).

As Plaintiff concedes in her opposition, her Section 17200 claim is predicated on the other claims asserted in her FAC, and she has provided no additional argument against dismissal of this claim. Plf.'s Opp. at 5-6; FAC ¶ 76.[2] Thus, Plaintiff's Section 17200 claim (Seventh Cause of Action) is DISMISSED with leave to amend.

## VI. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Legent's Motion to Dismiss is GRANTED. Plaintiff's First through Seventh Causes of Action as against Legent are dismissed with leave to amend.

2. Gomez and AFC's Motion to Dismiss Plaintiff's First, Second, Fourth, Sixth, and Seventh Causes of Action is GRANTED; these causes of action are dismissed as against Gomez and AFC with leave to amend.

3. Gomez and AFC's Motion to Dismiss Plaintiff's Third Cause of Action (Breach of Fiduciary Duty) and Fifth Cause of Action (Negligence) is DENIED.

4. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a second amended complaint. If Plaintiff timely amends her pleading, Defendants shall respond consistent with the Federal Rules of Civil Procedure.

---

[2] Nor has Plaintiff argued, or provided any authority to indicate, that allegations relating to her breach of fiduciary duty or negligence claims against Gomez and AFC – the only claims to withstand their motion to dismiss – can support a Section 17200 claim.

1      5.    The December 14, 2010 hearing on Defendant's Motions to Dismiss is VACATED.

2      6.    The December 14, 2010 Case Management Conference is CONTINUED; a telephonic Case Management Conference is scheduled in this matter for **April 7, 2011 at 2:45 p.m**. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

    7.    This Order terminates Dockets 15 and 16.

IT IS SO ORDERED.

Dated: December 13, 2010

                                                 _/s/ Saundra B. Armstrong_
                                                 SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge